```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

FRANCIS D. OWENS, ET AL      *           CIVIL ACTION

VERSUS                       *           NO: 06-6731

ANPAC LOUISIANA INSURANCE    *           SECTION: "D"(2)
COMPANY, ET AL
```

**ORDER AND REASONS**

Before the court is the **"Motion to Remand"** filed by Plaintiffs, Francis D. Owens and Virginia L. Owens. Defendant, ANPAC Louisiana Insurance Company, filed a memorandum in opposition. The motion, set for hearing on Wednesday, December 13, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

In this Katrina-related matter, Plaintiff initially filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against: (1) their homeowners' insurance carrier ANPAC for failing to pay covered losses caused by wind damage; and (2) their insurance agent, Reinke Insurance Agency, for negligence

in failing to discharge its duty under Louisiana law to properly advise Plaintiffs about and place appropriate flood insurance coverage for their home in New Orleans.

Defendant removed the matter to this court claiming jurisdiction pursuant to the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §1369 (MMTJA), and the piggy-back jurisdiction afforded by 28 U.S.C. §1441(e)(1)(A).  However, in their Motion to Remand, Plaintiffs argue that the basis for ANPAC's removal is flawed.  The court agrees.

The MMTJA provides in relevant part:

**§1369.  Multiparty, multiforum jurisdiction**

**(a)  In general.-**The district courts shall have original jurisdiction of any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location, if-

   (1) a defendant resides in a State and a substantial part of the accident took place in another State or other location, regardless of whether that defendant is also a resident of the State where a substantial part of the accident took place;

   (2) any two defendants reside in difference States, regardless of whether such defendants are also residents of the same State or States; or

   (3) substantial parts of the accident took place in difference States.

>   **(b) Limitation of jurisdiction of district courts.-**The district court shall abstain from hearing any civil action described in subsection (a) in which-
>
>   (1) the substantial majority of all plaintiffs are citizens of a single State of which the primary defendants are also citizens; and
>
>   (2) the claims asserted will be governed primarily by the laws of that State.

28 U.S.C. §1369.[1]

An "accident" under §1369 is defined as "a sudden accident, or natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 persons." 28 U.S.C. §1369(c)(4). Here, the court does not have original jurisdiction under §1369, because Hurricane Katrina is not an "accident" as that term is defined in the MMTJA.[2]

However, ANPAC argues that the court has supplemental jurisdiction under 28 U.S.C. §1441(e)(1)(B), because Defendant is

---

[1] "The MMTJA was designed to ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora." *Wallace v. Louisiana Citizens Property Ins. Corp.*, 444 F.3d 697, 702 (5th Cir. 2006). The ultimate goal of the MMTJA is consolidation. *Id.*

[2] *See e.g., Haas v. Lafayette Ins.* Co., 2006 WL 3437498, EDLA No. 06-8975, Doc. No. 6 (McNamara, J.); Flint *v. Louisiana Farm Bureau Mutual Ins. Co.*, EDLA No. 06-2546, Doc. No. 19 (Duval, J.); *Berry v. Allstate Ins. Co.*, EDLA 06-4922, Doc. No. 8 (Zainey, J.); *Southall v. St. Paul Travelers Ins. Co.*, 2006 WL 2385365 (Barbier, J.); *Fidelity Homestead Ass. v. The Hanover Ins. Co.*, EDLA No. 06-3511, Doc. No. 26 (Berrigan, J.); *Southern Athletic Club, LLC v. The Hanover Ins. Co.*, EDLA No. 06-2605, Doc. No. 28 (Lemmon, J.); and *Carroll v. Lafayette Ins. Co.*, EDLA No. 06-3955, Doc. No. 20 (LeMelle, J.).

already a defendant in *Abadie, et al. v. Aegis Security Insurance Company, et al.,* Civil Action No. 06-5164, Section K, Magistrate 2, Eastern District of Louisiana. The full text of 28 U.S.C. §1441(e)(1) provides:

> a defendant in a civil action in State court may remove that action to the district court of the United States for the district court and division embracing the place where the action is pending if-
>
> (A) the action could have been brought in the United States district court under section 1369 of this title; or
>
> **(B) the defendant is a party to an action which is or could have been brought, in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter**.

28 U.S.C. §1441(e)(1) (emphasis added).

As the Fifth Circuit has reasoned:

> §1441(e)(1)(B) permits removal in those situations where original federal subject matter jurisdiction does not exist ... When the requirements of §1441(e)(1)(B) are met, defendants need not establish the existence of independent subject matter jurisdiction under any other provision, including under §1369(a), because supplemental jurisdiction has been established.

*Wallace,* 444 F.3d at 702.[3]

However, in this case, the court rejects Defendant's argument that this court can exercise supplemental jurisdiction under §1441(e)(1)(B) based on the fact that Defendant is already a defendant in *Abadie*. *Abadie* is based, at least on part, on levee breaches in the aftermath of Hurricane Katrina,[4] but in this case, Plaintiff makes no allegation about levee breaches.[5] Thus, the court finds that it has no "piggy-back jurisdiction" under §1441(e)(1)(B). *Wallace*, 444 F.3d at 702.  Accordingly;

---

[3] The court notes that §1369(b) is not an independent bar to exercise of jurisdiction over a case removed pursuant to §1441(e)(1)(B), because §1369(b) applies only to the exercise of original jurisdiction under §1369(a).  *Wallace*, 444 F.3d at 702.

[4] In *Flint v. Louisiana Farm Bureau Mutual Ins. Co.*, No. 06-2546, Doc. No. 19, p. 7, Judge Duval found that:

> [*Chehardy v. State Farm Fire & Casualty Co.*, a case transferred from the Middle District of Louisiana to the Eastern District, No. 06-1672, and now pending in Section K under lead case, No. 05-4182, *In re: Katrina Breaches Litigation*] arises from a levee break that caused both loss of life and property damage. Therefore, the Court concludes that §1369 jurisdiction exists in *Chehardy* because the levee break is the requisite that caused the death of at least 75 natural persons at a discrete location.

[5] The court notes that *this* case has been re-transferred back to Section D, because the court in Section K, handling the *In re: Katrina Breaches Litigation,* No. 05-4182, has found that this case does not fit under *In re: Katrina Breaches Litigation*. (*See* Order to Transfer Case, Doc. No. 14).

5

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this matter be and is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **12th** day of **December**, **2006**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE